**Walter J. WYNN, Appellant**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15331.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 15, 1960.

Decided Feb. 18, 1960.

---

1. 61 Stat. 140 (1947), as amended, 29 U.S. C.A. § 158(a) (3) (1958).

2. § 158(b) (2).

Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

PER CURIAM.

█ Appellant, with two others, was charged with robbery[1] in one count of an indictment which included a separate count charging the other two persons with another robbery committed the day before. The two counts and three defendants were tried at the same time. Appellant appeals from his conviction. We find no reversible error in the joinder of defendants and counts[2] or in the joint trial for the reason that counsel for appellant quite deliberately, after mature consideration extending over a weekend which intervened during the trial, and after the trial judge had suggested severance,[3] deemed it prudent from the standpoint of his client to proceed with the trial and so advised the court. We can point to no such embarrassment in the conduct of the defense, attributable to the joinders and joint trial, as in these circumstances requires us, contrary to the course deliberately adopted by counsel, to grant another and different trial.

█ Moreover, we find no other ground for reversal, though we have given careful consideration to the other contentions of appellant, including one now made for the first time that he was deprived of the effective assistance of counsel because during the trial his counsel entered an appearance also for the other defendants. Though it is hardly to be expected that appellant himself would be sufficiently aware of his rights in the matter to object, as Glasser, who was an attorney, did in Glasser v. United States, 315 U.S. 60, 75–76, 62 S.Ct. 457, 86 L. Ed. 680, nevertheless no conflict of interests or detriment appears, as did appear in Glasser. Lebron v. United States, 97 U.S.App.D.C. 133, 229 F.2d 16, certiorari denied, 351 U.S. 974, 76 S.Ct. 1035, 100 L.Ed. 1492. The added

Mr. Ralph F. Berlow, Washington, D. C. (appointed by this court), for appellant.

Mr. Donald S. Smith, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S.

1. Defined in 22 D.C.Code § 2901 (1951).

2. See Rule 8, Fed.R.Crim.P. 18 U.S.C.A.

3. See Rule 14, Fed.R.Crim.P. 18 U.S.C.A.

representation in the present case was assumed by counsel as a calculated move on his part to aid appellant in his defense; and the evidence is not so nicely balanced that we should assume detriment, which does not appear, due to the adoption by counsel of tactics designed to assist appellant.

Affirmed.