Howard **CAMPBELL, Jr.,** Appellant,

v.

**UNITED STATES** of America,
Appellee.

Robert **W. GLENMORE,** Appellant,

v.

**UNITED STATES** of America,
Appellee.

Nos. *18916, 18917.*

United States Court of Appeals
District of Columbia Circuit.

Argued March 5, 1965.

Decided June 28, 1965.

Petition for Rehearing En Banc in
No. 18,916 Denied Oct. 14, 1965.

Mr. Austin P. Frum, Washington, D. C., with whom Mr. Thomas S. Jackson, Washington, D. C. (both appointed by this court) was on the brief, for appellant in No. 18,916.

Mr. John C. Duncan, III, Washington, D. C. (appointed by this court) for appellant in No. 18,917.

Mr. John R. Kramer, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and

William C. Weitzel, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before WASHINGTON, BURGER and WRIGHT, Circuit Judges.

WASHINGTON, Circuit Judge.

Appellants were convicted of housebreaking in violation of D.C.CODE § 22–1801 and petit larceny in violation of D.C.CODE § 22–2202. The case against Campbell was stronger than the case against Glenmore. The arresting officer testified that he saw Campbell make a flipping motion; and a watch which was found close to his feet was identified as a part of the stolen property. He had a sum of money in his pocket, the bills being in the same denominations and folded in the same way as the bills stolen from the complaining witness. On the other hand, there were few things connecting Glenmore with the crime: he was with Campbell a few minutes after the crime; Campbell testified without contradiction that Glenmore had been with him all evening; the two appellants fitted the meager description given by the complaining witness of the two men he observed running from the scene of the crime.[1] The crime could have been committed by one person, since the window by which entry was gained could be reached by climbing up the bars of the window below.

■ Each appellant was represented on appeal by his own attorney appointed by this court. In the trial, however, they were represented by one retained attorney. We think that Glenmore's defense was substantially prejudiced by his sharing counsel with his co-defendant at trial. The record is silent as to whether appellants were aware of the importance of having separate attorneys or of Glenmore's right to have counsel appointed to direct his separate defense, if he was indigent. When two or more defendants are represented by a single counsel, the District Court has a duty to ascertain whether each defendant has an awareness of the potential risks of that course and nevertheless has knowingly chosen it.

■ The Supreme Court has stressed the importance of having separate counsel representing co-defendants where their interests may not coincide. Glasser v. United States, 315 U.S. 60, 71, 62 S.Ct. 457, 86 L.Ed. 680 (1942). In our opinions we have suggested that co-defendants are "entitled to be represented by separate counsel * * * [if] there was some inconsistency in joint representation." Lebron v. United States, 97 U.S.App.D.C. 133, 137, 229 F.2d 16, 20 (1955), cert. denied, 351 U.S. 974, 76 S.Ct. 1035, 100 L.Ed. 1492 (1956). We have also noted that defendants are unlikely to be sufficiently aware of their rights to object to a possible conflict of interest. Wynn v. United States, 107 U.S.App.D.C. 190, 191, 275 F.2d 648, 649 (1960). And the Supreme Court has stated that the trial judge bears "the duty of seeing that the trial is conducted with solicitude for the essential rights of the accused," specifically the right to effective assistance of counsel. Glasser v. United States, 315 U.S. at 71, 62 S.Ct. at 465. The judge's responsibility is not necessarily discharged by simply accepting the co-defendants' designation of a single attorney to represent them both. An individual defendant is rarely sophisticated enough to evaluate the potential conflicts, and when two defendants appear with a single attorney it cannot be determined, absent inquiry by the trial judge, whether the attorney has made such an appraisal or has advised his clients of the risks. Considerations of efficient judicial administration as well as important rights of defendants are served when the trial judge makes the affirmative determination that co-defendants have intelligently chosen to be represented by the same attorney and that their decision was not governed by poverty and lack of information on the availability of assigned counsel.[2] We

---

1. One was wearing dark clothing; the other light clothing. Glenmore did not take the stand.

2. It is true that a defendant is entitled to retain counsel of his choice. See Lee v. United States, 98 U.S.App.D.C. 272, 235

must indulge every reasonable presumption against the waiver of the unimpaired assistance of counsel. Glasser v. United States, *supra*, at 70, 62 S.Ct. 457.

The problems inherent in joint representation are illustrated in this case. Defense counsel stated that he had virtually ignored Glenmore and "unwittingly * * * made all comments with reference to the Defendant Campbell." In his argument to the jury, defense counsel did not once mention the special problems presented by the case against Glenmore. And it was the judge, not defense counsel, who, after all the evidence was in, raised the issue of the insufficiency of the evidence as to Glenmore. Furthermore, defense counsel made no effort to dissociate Glenmore from Campbell, against whom the Government presented a stronger case. We need not decide whether some of these omissions were due to oversight; the fact that one attorney was representing both defendants certainly rendered his service to Glenmore much less effective. If Glenmore had been represented by his own counsel, for example, he might well have cross-examined Campbell on his assertions that he was with Glenmore all through the evening of the robbery.[3]

We are not setting up a rule that each co-defendant must be independently represented in every case. We hold only that a trial judge has a responsibility to assure that co-defendants' decision to proceed with one attorney is an informed decision. Since the trial judge herein apparently failed to fulfill this responsibility and Glenmore was clearly prejudiced by the fact that he shared an attorney with his co-defendant, his conviction must be reversed.

The record as to Campbell presents a different situation and we are unable to perceive anything indicating that his de-

fense suffered from sharing an attorney with Glenmore. We find no basis for disturbing the judgment of conviction as to him. Cf. Glasser v. United States, *supra*, 315 U.S. at 76–77, 62 S.Ct. 457; Wynn v. United States, *supra*, 107 U.S. App.D.C. at 191, 275 F.2d at 649.

We realize that Campbell has also recently appealed to us from the trial court's denial of his motion for a new trial. That appeal will be argued in due course before the present panel; it has not been prejudged, and will be considered on its merits.

No. 18,916 is affirmed.

No. 18,917 is reversed.

---

F.2d 219 (1956). But this does not relieve the trial judge of his responsibilities to inform the defendants of their right to have counsel appointed, to inquire into the facts to determine the desirability of having separate counsel, and to appoint counsel under appropriate circumstances.

**3.** It is possible that defense counsel hesitated to argue that Glenmore's participation was not proved lest it appear that he was conceding Campbell's guilt.