STATE ex rel. PEKAREK, Appellant v. ERICKSON, Respondent

(155 N.W.2d 313)

(File No. 10357. Opinion filed December 27, 1967)

**Morris Myers,** Aberdeen, for plaintiff and appellant.

**Frank L. Farrar,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, for defendant and respondent.

ROBERTS, Judge.

Appellant entered a plea of guilty to an information in which he was charged with indecent molestation of a girl, age eleven.

Judgment was entered on the plea and accused was sentenced to the penitentiary for a term of five years. An application to withdraw his plea of guilty was overruled and the ruling was affirmed on appeal, State v. Pekarek, 82 S.D. 486, 148 N.W.2d 328.

Appellant sought through his present counsel in the Circuit Court of Minnehaha County a writ of habeas corpus. Several grounds for relief were urged, all of which are presented here after their rejection by the trial court following a hearing.

It appears from the record before us which includes a signed statement given by accused to the state's attorney and certified transcripts of the proceedings had and testimony taken at the preliminary hearing and of the arraignment and sentencing that accused was taken into custody on August 16, 1965, and was brought that day before a justice of the peace sitting as a committing magistrate. He was represented at the preliminary hearing by an attorney of his own choice. He was held to answer at the next term of the circuit court. Accused had offered through his attorney to plead guilty to indecent molestation of a minor whereupon an information was filed and he appeared at Mobridge, Walworth County, before Judge H. E. Mundt for arraignment.

■■■■ The first ground of relief asserted is that appellant was deprived of effective "assistance of counsel" which is guaranteed by the Sixth Amendment of the United States Constitution. The guaranty therein is that in all criminal cases "the accused shall enjoy the right * * * to have the assistance of counsel for his defense." This provision of the Bill of Rights which is fundamental and essential to a fair trial is made obligatory upon the states by the due process clause of the Fourteenth Amendment. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733. Within our state constitution (§ 7, Art. 6), an accused in a criminal prosecution has the right "to defend in person and by counsel". It is not the responsibility of the court to exercise any control over the selection of counsel by an accused. Counsel for appellant may have taken the initiative in suggesting as appellant indicates that a charge of

rape be "dropped" in exchange for a confession.[1] The decision to plead guilty or not to plead guilty was for appellant to make. His attorney having considered possible defenses could have reasonably concluded that there was ample evidence to secure a conviction for the more serious charge if appellant did not plead guilty to the charge of indecent molestation. In re Beaty, 64 Cal.2d 760, 51 Cal.Rptr. 521, 414 P.2d 817. Appellant has not demonstrated that the proceedings and sentence were unfair because he was prejudiced by the representation accorded him or that there was a violation of due process because the representation was so inadequate as to be equivalent to no representation.

■ Appellant contends that the written statement obtained from him while in custody of the sheriff and in the absence of counsel was in violation of the United States Supreme Court decisions in Escobedo v. State of Illinois, June 22, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 and Miranda v. State of Arizona, June 13, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. These decisions delineate certain rules of procedural safeguards with respect to in-custody interrogation by police.[2] The United States Supreme Court in Johnson v. State of New Jersey, June 20, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, held that these decisions apply only to trials commenced after the date on which each decision was announced. See also State v. Connors, 82

---

1. Appellant in his application for writ of habeas corpus alleges:

 "That petitioner engaged the services of an attorney at law of Herreid, South Dakota, on or about August 9, 1965; that petitioner was informed, and alleges upon information and belief, that by virtue of a bargain made between petitioner's said attorney and the States Attorney of Campbell County, South Dakota, the said charge of rape was dismissed and petitioner was thereupon charged with the crime of indecent molestation of a minor; that at said time petitioner was not informed of the nature of the crime with which he was charged except that the charge of rape had been 'dropped' to indecent molestation of a minor. * * * That petitioner was thereafter informed by his said attorney that a bargain had been made pursuant to which the limitation and extent of a sentence was assured petitioner by the States Attorney of Campbell County, South Dakota, if petitioner would plead guilty as charged; that petitioner relied thereon and informed his said attorney that he would plead guilty to the charge of indecent molestation of a minor."

2. Escobedo holds that the refusal of police to honor the request of an accused for consultation with an attorney when coupled with a failure to effectively warn the accused of his constitutional right to remain silent is a denial of assistance of counsel. Miranda holds that in the absence of intelligent waiver of his constitutional rights a suspect prior to an in-custody police interrogation must be warned "(1) that he has a right to remain silent, (2) that any statement that he does make may be used as evidence against him, (3) that he has a right to consult with and have present prior to and during interrogation an attorney, either retained or appointed, and (4) that if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires."

S.D. 489, 149 N.W.2d 65. The written statement was obtained and the arraignment and sentencing occurred prior to the decisions in question and therefore they were not here mandatory. We think that there was a substantial basis in fact for the determination that the statement in question was voluntarily made. See Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895.

Appellant contends that he was not adequately advised of his constitutional rights prior to his plea of guilty and sentencing. He asserts that he did not with understanding plead guilty because he was not advised of the nature of the accusation and consequences of the plea and the court did not inquire of him personally before sentencing whether he had anything to say as to why judgment against him should not be pronounced. The record of the proceedings when the plea was accepted reveals the following colloquy between the court and defendant's counsel: "Q. I presume you have advised the defendant of his constitutional rights? A. I have, Your Honor. Q. Including the right to have a trial before an impartial jury. A. He understands what he is waiving by pleading guilty. Q. You have also advised him, I assume, that any plea he makes must be voluntary and of his own free will? A. Yes, he realizes that, Your Honor."

Furthermore, the record discloses that the information was read to him and a copy furnished to his counsel. The court after affording opportunity to defense counsel to state whether there was any cause why sentence should not be pronounced accepted appellant's plea of guilty and pronounced sentence.

Our attention has been directed to State v. Sewell, 69 S.D. 494, 12 N.W.2d 198, where it was said that under the provisions of SDC 1960 Supp. 34.2302 imposing the duty upon a trial court before accepting a plea of guilty to advise fully the accused of "his rights in the premises" it was error to fail to advise the defendant of the consequences of a plea of guilty. This court vacated the judgment and sentence on a plea of guilty of murder made by the defendant after accused had waived right to counsel. The Sewell case was before this court

on appeal. A writ of habeas corpus is not a substitute for an appeal and errors or irregularities which render a judgment merely voidable and not void cannot be inquired into. State ex rel. Medicine Horn v. Jameson, 78 S.D. 282, 100 N.W.2d 829; State ex rel. Ruffing v. Jameson, 80 S.D. 362, 123 N.W.2d 654. We are here concerned only with the question whether applicant is restrained of his liberty by judgment of the court acting without jurisdiction or whether any of appellant's constitutional rights have been violated.

▋ The jurisdiction of the circuit court is not limited to any particular county, but extends throughout the limits of the state. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036. The only limitation so far as the statutory law is concerned is that an issue of fact in any criminal case can only be tried in the county in which the same was brought or to which the place of trial is changed by order of the court. SDC 1960 Supp. 34.0401. The constitution of this state declares that in "all criminal prosecutions the accused shall have the right * * * to a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." § 7, Art VI. We find no merit in the contention that the court was without jurisdiction to arraign and sentence defendant upon a plea of guilty in a county other than that in which the offense is alleged to have been committed. There was no violation of the mandate of the constitution that an accused shall have the right to a public trial by an impartial jury of the county in which the action was brought and upon the showing here made the judgment cannot be said to be void and subject to collateral attack.

Judgment affirmed.

All the Judges concur.