THE STATE OF OHIO, APPELLEE, *v.* MOCK, APPELLANT.

(No. 5103—Decided April 4, 1972.)

*Mr. Vincent E. Gilmartin,* prosecuting attorney, and *Mr. John A. Kicz,* for appellee.

*Mr. Alan R. Kretzer,* for appellant.

LYNCH, J. Defendant, appellant herein, is appealing his conviction by a jury of attempted burglary prohibited by R. C. 2907.10.

Defendant and his brother, Jerry Mock, were arrested on January 25, 1971. On February 22, 1971, attorney Thomas Zebrasky was appointed to represent both defendant and Jerry Mock. On April 22, 1971, both defendant and Jerry Mock were jointly indicted. Both were jointly tried. Defendant was found guilty, but Jerry Mock was found not guilty.

Defendant's first assignment of error is that the representation by appointed trial counsel of both defendants was error and denied to defendant his right to the effective assistance of counsel which is guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution.

On May 11, 1971, counsel for both defendants moved for separate trials, and this motion was overruled by the trial court on May 26, 1971.

On May 26, 1971, defendant made an oral motion for separate counsel, and this motion was overruled by the trial court on the same day.

In *Glasser* v. *United States,* 315 U. S. 60, the court held in paragraph 7 of the syllabus, as follows:

"A defendant in a conspiracy case is deprived of the assistance of counsel, contrary to the Sixth Amendment, where, over his objection, the court appoints his counsel to represent also a co-defendant, where this is done with notice to the judge that their interests may be inconsistent, and where the counsel's defense of the first defendant is less effective than it might have been if he had represented that defendant alone."

The syllabus of *State* v. *Oliver,* 23 Ohio App. 2d 210, is as follows:

"1. Dual representation does not effect a *per se* violation of due process but it is not favored in a criminal case and there need be no meticulous combing of the record to demonstrate prejudice when double representation is the fact. Conceivable prejudice reflected in the record will suffice for reversal.

"2. Representation of codefendants by the same attorney results in no violation of the constitutional right to counsel, to confrontation, or to cross-examination when no prejudice is evidenced in or can be inferred from the record. Under such circumstances the claimed errors are harmless beyond a reasonable doubt."

The pertinent provisions of the code of professional responsibility for lawyers adopted by the Supreme Court of Ohio on October 5, 1970, are as follows:

"(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5-105 (C).

"(C) In the situations covered by DR 5-105 (A) and (B), a lawyer may represent multiple clients if it is ob-

vious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.'' Canon 5, DR 5-105.

We hold that where there is a court appointed attorney for indigent co-defendants, and a motion is made prior to trial on behalf of one of the defendants for separate counsel, such a request should be granted unless it can be demonstrated by a hearing outside of the presence of any jury that no prejudice will result or that no conflict will arise as an incident of the joint representation. See *Belton* v. *State* (Fla.), 217 So. 2d 97.

In the instant case, the record is silent as to any determination by the trial judge as to whether the representation of defendant and Jerry Mock by one counsel would prejudice the defendant because of a possible conflict arising out of such joint representation.

We hold that the denial of defendant's motion for separate counsel without a hearing to determine whether no prejudice would result or no conflict would arise as an incident of the joint representation was error on the part of the trial judge.

The court is divided as to whether this error is prejudicial per se or whether the entire record must be examined to determine whether such error is prejudicial. The majority of this court feel that an examination of the entire record reveals that this error was prejudicial and that under the facts of this case it is neither necessary nor advisable to determine that this error was prejudicial per se. We are aware of *Campbell* v. *United States* (D. C. Cir.), 352 F. 2d 359, but we are also aware of *United States* v. *Martinez* (C. C. A. 6), 428 F. 2d 86.

Defendant's third assignment of error is that the trial court erred by admitting testimony which referred to an improper lineup by not making a determination that the in-court identification had an origin independent of the lineup.

The fact that a lineup was held two days after the crime was not brought out by the prosecution on direct

examination. This fact was briefly brought out by defense counsel on cross-examination. The transcript of the proceedings is silent as to whether there was an attorney representing defendant at the lineup, but the transcript of the docket and journal entries reveals that defense counsel was appointed on February 22, 1971, which would have been after the lineup.

In *United States* v. *Wade*, 388 U. S. 218, and *Gilbert* v. *California*, 388 U. S. 263, it was held that an out-of-court identification of an accused at a police lineup is a critical stage at which the accused has a constitutional right to the assistance of counsel.

"In discussing the need for such a rule, the court noted that there was grave potential for prejudice, intentional or not, in the pretrial lineup, which might not be capable of reconstruction at trial, and the presence of counsel itself could often avert prejudice and assure a meaningful confrontation at trial. It was also pointed out that what occurs at such a pretrial confrontation may well settle the accused's fate, and thereby reduce the trial itself to a mere formality. * * *" 15 Ohio Jurisprudence 2d 492, Criminal Law, Section 168.

"In situations to which the Wade-Gilbert rules apply, and in which the lineup or confrontation is conducted in the absence of the accused's counsel, it is constitutional error to admit in-court identifications of the accused by witnesses who have observed the accused at such lineup, without first determining that the in-court identifications are not tainted by the illegal lineup, but are of independent origin. However, where the record does not show whether the in-court identifications had an independant source, the accused is entitled only to a vacation of his conviction pending the holding of a proceeding in the state court which will afford the state the opportunity to establish that the in-court identifications had an independent source, or that their introduction in evidence was in any event harmless error. * * *" 15 Ohio Jurisprudence 2d 493-494, Criminal Law, Section 169.

See *State* v. *Vaughn*, 19 Ohio App. 2d 76, and *State* v. *Isaacs*, 24 Ohio App. 2d 115 at page 117.

We find that the cross-examination of Lewis R. Funge, the only eye-witness to the crime, by defense counsel was inadequate. The nature of the lineup and defendant's lack of counsel were not pursued. The effect of the lineup on the courtroom identification was not developed. No questions were asked as to the conditions under which Funge saw the burglar, such as the distance between them, the lighting conditions around the scene of the crime, etc.

Furthermore, defense counsel failed to take any action either prior to the trial, during the trial, or after the trial requesting the trial court for a hearing outside of the presence of the jury to determine whether the in-court identification of defendant by Lewis R. Funge had an independent source or that its introduction in evidence was harmless error.

We recognize that it is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. *State* v. *Glaros,* 170 Ohio St. 471; *State* v. *Childs,* 14 Ohio St. 2d 56.

It is unnecessary to decide this case on this assignment of error. However, the inadequacy of representation by defense counsel on this question must be considered in light of the error committed by the trial court under defendant's first assignment of error. The applicable standard set out in *State* v. *Oliver,* 23 Ohio App. 2d 210 is: ''[C]onceivable prejudice reflected in the record will suffice for reversal.'' Paragraph 1 of the syllabus.

We find that the inadequate representation of defendant on the cross-examination of the only eyewitness to the crime could conceivably have prejudiced defendant in this case. Therefore, we find that the error committed by the trial court under the first assignment of error was prejudicial to defendant under the facts of this case.

We have considered defendant's second and fourth assignments of error, and hold that they have no merit.

The judgment below is reversed and the cause is remanded for a new trial in accordance with this decision.

*Judgment reversed.*

O'NEILL, P. J., and JOHNSON, J., concur.

O'NEILL, P. J., concurring. I concur in the opinion, but I would proceed further as to assignment of error number one. If a court should appoint one attorney for co-defendants, the determination that co-defendants have intelligently chosen to so proceed should be an affirmative determination by the court, absent the filing of a motion. To require a motion would be a dangerous presumption that defendants are so well versed in the law as to be aware of the potential pitfalls or that the defendants have been advised of such peril by the appointed counsel.

"Efficient judicial administration and important rights of defendants are served when [a] trial judge makes [an] affirmative determination that co-defendants have intelligently chosen to be represented by [the] same attorney and that their decision was not governed by poverty and lack of information on [the] availability of assigned counsel." Paragraph 3 of the syllabus, *Campbell* v. *United States* (D. C. Cir.), 352 F. 2d 359.

This *Campbell* case which was decided subsequent to *Glasser* v. *United States*, 315 U. S. 60, and which cites *Glasser* as authority, gives reasons and an explanation for an "affirmative determination" by the trial judge. At page 360, the Court said:

"* * * An individual defendant is rarely sophisticated enough to evaluate the potential conflicts, and when two defendants appear with a single attorney it cannot be determined, absent inquiry by the trial judge, whether the attorney has made such an appraisal or has advised his clients of the risks. * * *"

We in the judiciary constantly speak of fairness, substantial justice, dignity of man, etc. We should practice

what we preach. We, more than anyone, should be aware of the need of counsel by one charged with a crime.

"From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals in which every defendant stands equal before the law. This noble ideal cannot be realized if the poor man charged with crime has to face his accusers without a lawyer to assist him." *Gideon* v. *Wainwright*, 372 U. S. 335, at 344.

It goes without saying that to stand equal, the defendant must be represented by competent counsel, unfettered in the execution of his representation. It is the judge's duty to selfishly protect these rights of the indigent defendant. A failure to do so, affirmatively, must be prejudicial error because such failure could hinder the accused in the presentation of his defense in such a way that favorable evidence may never be placed in the record and thus remain unknown to the jury and a reviewing court. There is the further danger that such failure may prevent the accused from effectively challenging or explaining the state's evidence and it could therefore appear from the record that the accused is guilty when, in fact, he may have had a valid defense.

In summation, I would sustain defendant's first assignment of error by holding that the trial court should have affirmatively, without motion and on the record, ascertained that the co-defendants, represented by one court appointed counsel, would each receive effective assistance of counsel at trial, and that failure so to do, regardless of what later transpired, was error, and that the judgment should be vacated and the cause remanded for a new trial.