Donna Jean AUSTIN, Petitioner,

v.

Don R. ERICKSON, Warden of the South Dakota Penitentiary, Respondent.

Civ. No. 72-4022.

United States District Court,
D. South Dakota, S. D.

June 7, 1972.

Marvin K. Bailin and Lee R. Burd, of Christopherson & Bailin, Sioux Falls, S. D., for petitioner.

Roger A. Schiager, Sp. Asst. Atty. Gen., Sioux Falls, S. D., for respondent.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Donna Jean Austin has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C.A. Secs. 2241 and 2254, alleging her confinement under the custody of Don R. Erickson, Warden of the South Dakota Penitentiary, was imposed upon a conviction and sentence which were the result of a trial in which she was deprived of the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. A hearing was held in federal district court on April 25, 1972, at which time the only evidence offered was the state court files and briefs.

## FINDINGS OF FACT

Petitioner was convicted by a jury of first degree manslaughter in state circuit court, Seventh Judicial Circuit, Pennington County, South Dakota, on February 23, 1967. She was sentenced to life imprisonment for aiding and abetting her companion, Ronnie Goode, in killing petitioner's two and a half year old son. Petitioner's conviction was affirmed. State v. Austin, 84 S.D. 405, 172 N.W.2d 284 (1969).

After a separate trial, Goode was given a twenty-five year sentence. On appeal his conviction was reversed by the South Dakota Supreme Court on the grounds that the appointment of the same counsel to represent both defendants created a conflict of interest which denied Goode his right to effective assistance of counsel. When called to the witness stand in the Austin trial, Goode testified that he had shaken the child, causing the injuries which resulted in death. This testimony was later read into the record in Goode's trial, fulfilling the state's burden of proof as to certain elements of the crime. State v. Goode, 84 S.D. 369, 171 N.W.2d 733 (1969). (A more detailed statement of the facts can be found in the two above cited cases.)

On June 15, 1970, this Court denied Petitioner's habeas corpus petition since she had failed to exhaust her state court remedies. Austin v. Erickson, CIV70–60S (D.S.D. June 15, 1970). Petitioner's writ of habeas corpus in state court, which raised the issue whether petitioner was denied effective assistance of counsel due to the conflict of interest allegedly arising from her attorney representing both petitioner and Goode, was quashed on October 28, 1970. Austin v. Erickson, Civil No. 70–810 (2d Cir. S.D. October 28, 1970). This denial was affirmed by the South Dakota Supreme Court. Austin v. Erickson, S.D., 195 N. W.2d 395 (1972). That court held: (1) The fact that one attorney represents two defendants charged with participation in the same crime is not ipso facto evidence of inadequate representation; (2) To secure a new trial petitioner must show that the dual representation of her and her codefendant by the same counsel created a conflict of interests which prejudiced her in some manner; (3) Petitioner was benefited and not prejudiced by the dual representation of counsel in that Goode testified that he committed the overt acts from which the child died. The dissent would have held that petitioner was prejudiced since had her counsel not also represented Goode, he could have pointed the finger of guilt at Goode.

Petitioner contends: (1) That if dual representation of counsel creates a conflict of interest as to one codefendant, it is a logical absurdity to say it does not

**24**

create a conflict of interest as to the other codefendant; (2) If a possibility of a conflict of interests exists by dual representation of counsel, no prejudice need be shown for reversal; (3) If prejudice need be shown, petitioner was prejudiced by her common counsel being unable to place the blame upon the codefendant Goode, in cross examination, in argument and in sentencing.

Petitioner points to these specific facts which she contends show a conflict of interest did in fact exist and did prejudice her: (1) At the preliminary hearing, where both defendants were tried together, petitioner's counsel was asked by the presiding judge to specify on whose behalf he was objecting (Preliminary Hearing Transcript at 17); (2) At petitioner's trial, when Goode was called to the stand, the court advised him of his privilege against self-incrimination and specifically stated that it would permit petitioner's attorney to prompt Goode to assert the privilege (Trial Transcript at 398–99); (3) On two occasions during Goode's testimony at petitioner's trial, petitioner's attorney asserted the privilege against self-incrimination on behalf of Goode (Trial Transcript at 427 and 456); and (4) During closing argument to the jury, petitioner's counsel relied solely on the defense of excusable accidental homicide while correcting the child rather than placing the blame for the brutal slaying upon Goode (Trial Transcript at 510–20).

## CONCLUSIONS OF LAW

■ The fact that one attorney represented two codefendants in their separate trials and that a conflict of interests arose as to one of the codefendants does not automatically mean that there was a conflict of interest as to the other codefendant which prejudiced him. This was the express holding of the United States Supreme Court in Glasser v. United States, 315 U.S. 60, 76–77, 62 S.Ct. 457, 86 L.Ed. 680 (1942). See also Buffalo Chief v. South Dakota, 425 F.2d 271, 280 (8th Cir. 1970). The Supreme

Court further held that if one defendant is to rely on the denial of his codefendant's constitutional rights for reversal, he must show that that denial prejudiced him in some manner. Some prejudice must be shown even though the amount of that prejudice need not be shown. No prejudice has been shown here by the petitioner. Her chief complaint now is that she and her trial counsel chose the wrong defense. Yet she offered no evidence at the hearing before this court, as was done in Buffalo Chief v. South Dakota, 425 F.2d 271 (8th Cir. 1970), as to why her attorney chose excusable homicide as her defense instead of attempting to lay the blame solely on Goode. As the evidence now stands we can only speculate that that defense was chosen because petitioner thought that was the truth.

■ Since petitioner has shown no prejudice from the denial of her codefendant's constitutional rights, her conviction cannot be reversed on that ground.

■ More than a mere possibility of a conflict of interests must be shown to require reversal of a criminal conviction based upon denial of the Sixth Amendment right to effective assistance of counsel. There must be an actual conflict of interests. Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680 (1942). In Glasser the conflict of interest prohibited Glasser's attorney from excluding incompetent evidence and from complete cross-examination of prosecution witnesses. Here counsel's cross-examination was totally consistent with the defense petitioner chose to pursue.

This Court finds no inconsistency between this decision and the Eighth Circuit case of Buffalo Chief v. South Dakota, 425 F.2d 271 (8th Cir. 1970). In Buffalo Chief a possible conflict in identification testimony arose during the trial. This testimony went to the heart of Buffalo Chief's claimed defense. The Eighth Circuit remanded the case to the South Dakota state courts to determine

if the conflicting identification testimony was inconsistent with Buffalo Chief's participation in the crime and if his attorney had failed to inquire into the inconsistency in order to protect a codefendant. Here the petitioner claims that if she would have had a separate attorney she may have chosen a different defense. There is no conflicting testimony which went to the heart of her claimed defense which petitioner can claim was not explored.

From an examination of the record this Court cannot conclude that the trial attorney's representation of petitioner was not as effective as it might have been if his appointment as counsel for both defendants had not been made. There was no conflict of interests.

The writ of habeas corpus should be quashed and the applicant, Donna Jean Austin, should be remanded to the custody of the Warden of the South Dakota State Penitentiary at Sioux Falls, Minnehaha County, South Dakota, to serve her sentence as imposed by the judgment of the trial court.