**UNITED STATES of America**

v.

**George Gordon LIDDY et al.**
**Crim. No. 1827–72.**

United States District Court, District of Columbia.

Sept. 27, 1972.

Earl J. Silbert, Donald E. Campbell, Asst. U. S. Attys., Washington, D. C., for the United States.

Henry B. Rothblatt, Washington, D. C., for defendants Barker, Martinez, Gonzalez and Sturgis.

Peter L. Maroulis, Poughkeepsie, N. Y., for defendant Liddy.

William O. Bittman, Hogan & Hartson, Washington, D. C., for defendant Everette Howard Hunt, Jr.

John Albert Johnson, Boston, Mass., for defendant James W. McCord, Jr.

## OPINION

SIRICA, Chief Judge.

This criminal case is based on an eight count indictment filed in the United States District Court for the District of Columbia on September 15, 1972. Therein, seven persons are charged with violations of several United States Code and District of Columbia Code provisions. The alleged violations, concerned principally with unlawful interception of oral and wire communications and theft of documents and other papers, are said by the indictment to have occurred at the headquarters of the Democratic National Committee in the District of Columbia and at various other locations.

Four of the seven defendants, Bernard L. Barker, Eugenio R. Martinez, Virgilio R. Gonzalez and Frank A. Sturgis, are presently represented before the court by one attorney, Henry R. Rothblatt, Esq. The United States, by a motion filed on September 15, 1972, has urged the court to require that the above-mentioned four defendants be represented by separate counsel. Mr. Rothblatt, on September 22, 1972, filed a memorandum of points and authorities on behalf of the four defendants in opposition to the government's motion. For the reasons hereinafter stated, the motion is denied without prejudice.

In analyzing questions of legal representation, the court must begin with the general proposition that in a criminal case, a defendant has the right to retain counsel of his own choosing. The United States Court of Appeals for

the District of Columbia Circuit has held:

> It is a fundamental principle that an accused be permitted to choose his own counsel, the practice of assigning counsel being reserved for cases where the accused cannot or does not select his own.
>
> Lee v. United States, 98 U.S.App.D.C. 272, 235 F.2d 219, 221.

Note also the language in Powell v Alabama, 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Reickauer v. Cunningham, 299 F.2d 170, 172–173 (4th Cir.), cert. denied, 371 U.S. 866, 83 S.Ct. 127, 9 L.Ed.2d 103 (1962), and Releford v. United States, 288 F.2d 298, 301 (9th Cir. 1961).

■■ In situations where more than one defendant is represented by the same attorney, however, the court cannot simply assume that such arrangement is in accord with the desire of each defendant. Because one may accept dual or multiple representation without comprehending that his interests conflict with those of his co-defendants or without being aware of his right to demand individual representation, it is the court's duty to satisfy itself that the choice is intelligently made and that conflicts are not likely. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Campbell v. United States, 122 U.S.App. D.C. 143, 352 F.2d 359; Wynn v. United States, 107 U.S.App.D.C. 190, 275 F.2d 648. These cases, and many others relying principally on the *Glasser* decision, teach that the Sixth Amendment right to effective assistance of counsel is abridged when a waiver of individual representation is forced upon defendants and when one attorney represents conflicting interests.

■ Nevertheless, where the court's inquiry reveals no conflicts of interest, and where it is able to make an affirmative determination that defendants have intelligently chosen to be represented by the same attorney, the defendant's right to representation by counsel of his own choosing should be given full effect.

Campbell v. United States, *supra*, 352 F.2d at 361; Kaplan v. United States, 375 F.2d 895, 897–898 (9th Cir.) cert. denied 389 U.S. 839, 88 S.Ct. 67, 19 L.Ed.2d 103 (1967); Annotation, 34 ALR3d 470, 475 (1970). See also, Wynn v. United States, *supra* and United States v. Armone, 363 F.2d 385, 406 (2nd Cir.) cert. denied 385 U.S. 957, 87 S.Ct. 391, 17 L.Ed.2d 303 (1966).

■ After careful scrutiny of the present situation, the court is convinced that defendants Barker, Martinez, Gonzalez and Sturgis have intelligently chosen to be represented collectively by Mr. Rothblatt. Each of the four defendants has submitted an affidavit opposing the government's motion. The sworn statements affirm that defendants have discussed the facts of the case with Mr. Rothblatt in detail, and are aware of their right to have separate and independent counsel. They have consulted with other attorneys on the matter. Each defendant states, "Mr. Rothblatt continues to be counsel of my own choosing." There are no statements or evidence before the court which discredit these assertions. Further, there is no indication of a conflict of interest among any of the four defendants at the present time. The United States' allusion at page 2 of its motion to the possibility that one or more of the defendants may wish to consider a guilty plea, thereby creating such a conflict, stands unsubstantiated.

The court finds that none of the factors which might require individual representation are present in this case. The decision to be jointly represented has been knowingly made, and no conflict of interest or prejudice to defendants' position at trial appears likely. Should the government or a defendant come forward at some future time with evidence indicating that separate counsel has become a necessity pursuant to the holding of *Glasser* and its progeny, there will be time enough to reconsider the court's present ruling. The motion of the United States is, therefore, denied, without prejudice.