UNITED STATES of America ex rel. Jesus HUERTES, Petitioner,

v.

J. E. LaVALLEE, Superintendent, Clinton Correctional Facility, Dannemora, New York, Respondent.

No. 75 Civ. 4078.

United States District Court, S. D. New York.

June 3, 1976.

Jesus Huertes, pro se.

Louis J. Lefkowitz, Atty. Gen. of N.Y., New York City, for respondent by Joan P.

Scannell, Asst. Atty. Gen., New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Jesus Huertes petitions this Court for a writ of habeas corpus, 28 U.S.C. § 2254. On January 5, 1972, petitioner was convicted of unlawful possession of dangerous drugs in the first degree (cocaine), N.Y. Penal Law § 220.20 (McKinney's 1967). He was sentenced to a term of fifteen years to life. The conviction was affirmed by the Appellate Division, First Department, and by the Court of Appeals.

The crux of petitioner's claim is that his attorney's dual representation of his common law wife and himself denied him of the effective assistance of counsel in violation of the sixth and fourteenth amendments.

There is no dispute as to the standard by which petitioner's claims are to be evaluated:

> "The rule in this circuit is that some specific instance of prejudice, some real conflict of interest, resulting from joint representation must be shown to exist before it can be said that an appellant has been denied the effective assistance of counsel."

*United States v. Lovano,* 420 F.2d 769, 773 (2d Cir. 1970).

Reviewing the petition, at least two specific instances of prejudice suggest themselves. First, at the time of petitioner's arrest, he made a statement to the police which inculpated himself but exculpated his co-defendant.

> "The stuff is mine she has nothing to do with this. Let her go. I'm the guy you want."

Defense counsel was faced with the dilemma of choosing which defendants' interests to serve. The attorney attempted to suppress the statement on the ground that Huertes lacked a sufficient understanding of the English language to have made the remark. In the alternative, he argued that Huertes lacked the linguistic ability to understand his rights. The motion was denied and the statement was admitted into evidence.

The second allegedly prejudicial circumstance arose when Huertes' co-defendant testified at trial but he did not. Although the direct examination by defense counsel did not incriminate petitioner, testimony damaging to Huertes was elicited by the prosecutor on cross-examination. No separate examination of the witness could be conducted on behalf of the petitioner because of the dual representation.

The jury returned a guilty verdict as to both defendants. The Court, however, set aside the verdict as to Huertes' common law wife.

Although there may be some question as to the prejudice arising from efforts to suppress petitioner's statement, the differing defense positions with respect to testifying at trial presents a clear instance of prejudice. The Court of Appeals for this Circuit has addressed itself to the problem:

> "[w]here two defendants are represented by the same attorney, one defendant elects to take the stand and the other chooses not to, the possible prejudice in the eyes of the jury to the defendant who does not take the stand is almost inescapable."

*Morgan v. Unjted States,* 396 F.2d 110, 114 (2d Cir. 1968). The practical inability to cross-examine the testifying co-defendant coupled with the increased emphasis on the non-testifying defendant's failure to take the stand places the silent defendant in a most unfavorable position.

That counsel for the two defendants was privately retained does not vitiate the prejudice, absent a knowing waiver. As the District of Columbia Court of Appeals has noted, prejudicial circumstances which might arise because of the joint representation may not be easily recognized by a layman.

> "The judge's responsibility is not necessarily discharged by simply accepting the co-defendants' designation of a single attorney to represent them both. An indi-

vidual defendant is rarely sophisticated enough to evaluate the potential conflicts, and when two defendants appear with a single attorney it cannot be determined, absent inquiry by the trial judge, whether the attorney has made such an appraisal or has advised his clients of the risks."

*Campbell v. United States,* 122 U.S.App. D.C. 143, 352 F.2d 359, 360 (1965).

■ The matter will be set down for a hearing at which time petitioner will have an opportunity to establish his allegations. Counsel will be appointed by this Court to represent petitioner. At the hearing the State will, of course, have the opportunity to prove a knowing waiver.

IT IS SO ORDERED.