**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lawrence UNGAR, John Daniel Dickinson, Defendant-Appellants,**

No. 85–3807.

United States Court of Appeals, Eleventh Circuit.

July 24, 1986.

Paul Morris, Coral Gables, Fla., for Ungar.

Clyde Taylor, Tallahassee, Fla., for Dickinson.

Alan Sprowls, Asst. U.S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before HILL, Circuit Judge, HENDERSON*, Senior Circuit Judge, and LYNNE**, Senior District Judge.

PER CURIAM:

Appellants Lawrence Ungar and John Daniel Dickinson appeal their convictions of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). With regards to Dickinson's appeal, his judgment of conviction is affirmed without opinion. *See* Circuit Rule 25.

The principal issue raised in Ungar's appeal is that he was denied his Sixth Amendment right to effective assistance of counsel at trial due to a conflict of interest existing with one of his attorneys. The government's indictment alleged that Ungar, along with Dickinson, regularly sold cocaine to Richard Stalder and Richard Grinsberg, who in turn resold the cocaine to another purchaser. Stalder and Grinsberg had previously been prosecuted in this same conspiracy. Both Stalder and Grinsberg entered into plea agreements in exchange for their testimony against Ungar and Dickinson. Apparently, pursuant to Stalder's plea agreement the understanding existed that he would not be required to testify regarding his brother, Tom Stalder. Attorney Kent Harrison represented Stalder in the plea negotiations.

When indicted, Ungar contended that he did not supply any drugs to Stalder or Grinsberg. Rather, Stalder's source was exclusively his brother, Tom. Surprisingly, under these circumstances attorney Harri-

---

* *See* Rule 3(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

son undertook the representation of Ungar, to defend him against the case to be made by the prosecution through the testimony of Harrison's former client, Stalder. Further, Ungar's principal defense concerned matters integrally related to Stalder's plea negotiations—namely, Tom Stalder's involvement in the cocaine conspiracy and whether Richard Stalder would be required to reveal that alleged involvement. We harbor grave reservations about whether representation of Ungar by Harrison under these circumstances was appropriate.

However, in examining Ungar's claim we note that he has raised this issue for the first time on appeal. Because this is a direct appeal, the issue is not properly before this Court:

> The law of this Circuit is that claims of inadequate representation cannot be determined on direct appeal where such claims were not raised before the District Court and there has been no opportunity to develop and include in the record evidence bearing on the merits of the allegations.

*United States v. Rodriguez,* 582 F.2d 1015, 1016 (5th Cir.1978).

Ungar also contends that evidence presented at trial was insufficient to support his conviction on the conspiracy count. Our review of the record indicates this allegation of error is without merit.

Ungar's convictions are affirmed without prejudice to his right to raise the issue of ineffective assistance of counsel in a proper proceeding pursuant to 28 U.S.C. § 2255.

AFFIRMED.