# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued February 5, 2013         Decided March 1, 2013

No. 11-3018

UNITED STATES OF AMERICA,
APPELLEE

v.

COOLERIDGE BELL, ALSO KNOWN AS COOLRIDGE BELL, ALSO
KNOWN AS CARLTON BELL,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:07-cr-00153-6)

*Richard A. Portale* argued the cause and filed the brief for appellant.

*Trevor N. McFadden*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen*, *Jr.*, U.S. Attorney, and *Elizabeth Trosman*, *Chrisellen R. Kolb*, *John Han*, and *Anthony Scarpelli*, Assistant U.S. Attorneys.

Before: HENDERSON and GRIFFITH, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* WILLIAMS.

WILLIAMS, *Senior Circuit Judge*:  Following a jury trial, appellant Cooleridge Bell was convicted of conspiring to possess and distribute one kilogram or more of PCP in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(iv). The district court sentenced Bell to 235 months of imprisonment and five years of supervised release.  On appeal, Bell claims his trial and sentencing were defective in several respects.  In this opinion we address only Bell's assertion of ineffective assistance of counsel; his other claims, relating to various trial rulings of the district court, are addressed and rejected in an order issued today.  We remand the ineffective assistance of counsel claim for consideration by the district court.

\* \* \*

Bell's ineffective assistance claim turns on two alleged deficiencies in his counsel's performance, both of which relate to the "safety valve" provision of the U.S. Sentencing Guidelines.  See USSG § 5C1.2.  The safety valve authorizes a sentencing judge to impose a term of imprisonment lower than a statutory minimum if the defendant meets five specified qualifications, one of which is "truthfully provid[ing] to the Government all information and evidence the defendant has concerning [his] offense or offenses." *Id*.   A defendant who qualifies for the safety valve is also entitled to a two-point reduction in his offense level.  *Id*. § 2D1.1(b)(16).

The district court determined that Bell was ineligible for a sentence reduction under the safety valve because he failed to provide the government the information required—or, indeed, any information at all about the offense.   Bell does not dispute that he declined to cooperate; rather, he asserts that his

counsel neglected to inform him that such cooperation likely would have resulted in a lower sentence. Bell also alleges that his lawyer erred in failing to request a continuance at Bell's sentencing hearing after it became apparent that he had never informed Bell of the safety valve. Bell claims that his counsel's inaction deprived him of his Sixth Amendment right to effective representation, see *Strickland v. Washington*, 466 U.S. 668 (1984), and requests a remand to the district court to pursue his claim.

At the sentencing, when the court referred to the safety valve and Bell's apparent ineligibility, Bell spoke up to assert that he had heard of the safety valve from fellow prisoners, "[b]ut my lawyer before him [sic], I never heard of no safety valve." Joint Appendix ("J.A.") 486. Bell's counsel did not dispute the assertion, but said he had told Bell that the court would be interested in Bell's information about his offenses, "and that it was more likely than not that his changing his position on talking to people about these background matters would be beneficial." *Id.* at 475.

The government argues that the record leaves excessive doubt whether Bell "actually was in the dark about the safety valve." Gov't Br. at 41 (quoting *United States v. Holland*, 117 F.3d 589, 596 (D.C. Cir. 1997)). It also notes the district court's recognition of powerful record evidence of Bell's overall lack of cooperative spirit, manifested most prominently in his refusal to discuss with the probation officer even innocuous issues such as his education or employment skills, but also in his adamant insistence on his innocence. J.A. at 473-75. Consistent with that general outlook, Bell denied to the court any knowledge of co-conspirators. *Id.* at 482-83. From this the government infers that no additional information about the safety valve would ever have induced Bell to supply the information needed to earn its benefits. Accordingly, the government says, Bell has failed to establish

facts necessary to show "prejudice" as required by *Strickland*, i.e., "that there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," 466 U.S. at 694.

The Supreme Court has said that the district court is "the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial," and that "ineffective-assistance claims ordinarily will be litigated in the first instance" before a trial judge, preferably the same judge who presided over the defendant's trial. *Massaro v. United States*, 538 U.S. 500, 505-06 (2003). In keeping with that view, we have held that where a defendant raises a "colorable and previously unexplored" ineffective assistance claim on appeal, *United States v. Rashad*, 331 F.3d 908, 908 (D.C. Cir. 2003), we remand unless the "record alone conclusively shows that the defendant either is or is not entitled to relief," *id.* at 909-10 (internal quotations removed). See also *United States v. Mohammed*, 693 F.3d 192, 202-203 (D.C. Cir. 2010).

Here it cannot be said that Bell has pointed to record facts that, if established without contradiction in a hearing, would conclusively entitle him to a re-sentencing. His admission that he had heard other prisoners use the term "safety valve," and his resolve not to share information with the authorities, raise serious doubt on the prejudice requirement.

But *Rashad*'s call for remand of a "colorable and previously unexplored" claim of ineffective assistance is clearly not limited to cases where the record alone shows a *Strickland* violation. Otherwise, *Rashad*'s separate category for instances where the "record alone conclusively shows that the defendant . . . is . . . entitled to relief"—meaning remand is *not* required—would make no sense.

We note that the normal appellate process gives the defendant no chance to submit affidavits; on appeal we are limited to the record in the district court. For that reason alone, we find quite irrelevant the government's insistence that "even now, with the benefit of appellate counsel, appellant does not state he would in fact truthfully debrief." Gov't Br. at 42.

Both *Rashad*'s use of "colorable" to describe the sort of claim adequate to trigger a remand, and *Massaro*'s message that the district court should hear ineffective assistance claims in the first instance because it is in the best position to develop the factual record, see *Massaro*, 538 U.S. at 505, point to remands when the record discloses a genuine possibility of ineffective assistance.

In Bell's case, the record supports neither a conclusive determination that his ineffective assistance claim will succeed, nor one that it must fail. Counsel's advice that "it was more likely than not that . . . talking to people . . . would be beneficial" is a pale substitute for a precise description of the safety valve's potential impact—a two-point reduction in Bell's offense level, and a consequent reduction in his sentencing range from 235-293 months to 188-235 months. (The statutory minimum of ten years of imprisonment for Bell's offenses is a good deal lower than both of these ranges and so is not pertinent here.) Thus the record evidence suggests a serious possibility that counsel was ineffective, with prejudice to Bell. Exploration of the issue in district court can resolve the uncertainty.

Bell notes that it is the general practice of this circuit to remand an inconclusive ineffective assistance claim for an evidentiary hearing. App. Br. 12. We have said as much in our cases, see *Rashad*, 331 F.3d at 909, but that proposition does not mean a defendant is entitled to a hearing any time the

court orders a remand. Rather, we remand for whatever proceedings are necessary to determine whether the defendant was denied his constitutional right to effective assistance of counsel, which may in some circumstances include an evidentiary hearing, but in other cases will not. As *Massaro* indicates, the district court's familiarity with the trial and sentencing proceedings may play a useful role.

\* \* \*

We have considered all of Bell's arguments, and remand the record to the district court for further proceedings to determine whether Bell was denied effective assistance of counsel. For the reasons stated in the accompanying order, we conclude that Bell's other claims lack merit.

*So ordered.*