# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued May 14, 2013                       Decided July 9, 2013

No. 10-3004

UNITED STATES OF AMERICA,
APPELLEE

v.

ALFRED L. THOMPSON,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cr-00205-1)

*Lisa B. Wright*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A.J. Kramer*, Federal Public Defender. *Neil H. Jaffee*, Assistant Federal Public Defender, entered an appearance.

*Patricia A. Heffernan*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Ronald C. Machen*, *Jr.*, U.S. Attorney, and *Elizabeth Trosman* and *Elizabeth H. Danello*, Assistant U.S. Attorneys. *Stephen J. Spiegelhalter*, Assistant U.S. Attorney, entered an appearance.

Before: HENDERSON, GRIFFITH, and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

GRIFFITH, *Circuit Judge*: It is the law of this circuit that we remand to the district court any claim of ineffective assistance of counsel first raised on direct appeal that we cannot readily resolve on the record before us. Applying our precedent, we remand one of the appellant's claims and deny the other.

I

In June 2008, the police arrested Alfred Thompson after a foot chase. During the chase, Thompson tossed aside, but the police later found, a bag containing 53.6 grams of crack cocaine and 4 grams of marijuana. In July 2008, Thompson was indicted for unlawful possession with intent to distribute fifty grams or more of crack, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (2006), and possession of marijuana, in violation of 21 U.S.C. § 844(a). The crack count carried a statutory mandatory minimum prison sentence of ten years.

Shortly after Thompson's indictment, the government brought separate murder charges against him in D.C. Superior Court stemming from a shooting in November 2007. The government and Thompson initially agreed to stay proceedings on the drug charges until the murder prosecution ran its course, but delays in the murder case caused the government to push ahead to trial on the drug charges in October 2009.

Just six days before trial, the government filed an information under 21 U.S.C. § 851 describing a prior felony drug conviction on Thompson's record, which doubled the mandatory minimum on the crack count to twenty years. At trial, the jury returned guilty verdicts on all counts, and the

district court sentenced Thompson to the mandatory minimum prison term in January 2010.[1]

Thompson now appeals his sentence, claiming he was denied the effective assistance of counsel guaranteed by the Sixth Amendment. We take jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

II

To prevail on a claim of ineffective assistance of counsel, a party must show that his lawyer's performance was deficient in a way that prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Establishing deficient performance requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To establish prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Under this circuit's precedent, "where a defendant raises a 'colorable and previously unexplored' ineffective assistance claim on appeal," we remand for further district court proceedings "unless the 'record alone conclusively shows that the defendant either is or is not entitled to relief.'" *United States v. Bell*, 708 F.3d 223, 225 (D.C. Cir. 2013) (quoting

---

[1] Shortly thereafter, Thompson's murder trial began in Superior Court. He was convicted. *See* Docket, *United States v. Thompson*, 2008 CF1 17330 (D.C. Sup. Ct.).

*United States v. Rashad*, 331 F.3d 908, 908, 909-10 (D.C. Cir. 2003)).[2]

Thompson first claims that the prosecution made plea offers that his counsel failed to pass along to him before they expired. According to Thompson, in April 2009, the government offered to dismiss the marijuana count in exchange for his guilty plea on the crack count. He also claims that on the eve of trial, the prosecutor offered to withdraw the § 851 information he had just filed and dismiss the marijuana count if Thompson pled guilty to the crack count. Had Thompson accepted either offer, the mandatory minimum he faced would have been ten years in prison rather than twenty.

"[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused," and a failure to do so may constitute ineffective assistance of counsel. *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399, 1408 (2012). Counsel renders constitutionally deficient performance if he "allow[s an] offer to expire without advising the defendant or allowing him to consider it." *Id.* To establish prejudice, a defendant "must demonstrate a reasonable probability [that he] would have accepted the earlier plea offer" had he been advised of its existence. *Id.* at 1409. He must also show "a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it . . . ." *Id.*

---

[2] In its opposition brief, the government argues that the full court should overturn our precedent in favor of the view of those circuits that hold that ineffective assistance of counsel claims generally should be heard only on collateral review. Appellee's Br. at 24-41. As a three-judge panel, of course, we are bound to apply existing precedent.

We need not linger over whether the record before us is sufficient to resolve this claim, for both Thompson and the government agree that it is not. We therefore remand "for whatever proceedings are necessary to determine whether [Thompson] was denied his constitutional right to effective assistance of counsel, which may . . . include an evidentiary hearing" in the district court's discretion. *Bell*, 708 F.3d at 226.

Thompson next claims that his lawyer's ineffective assistance deprived him of the chance to benefit from the Fair Sentencing Act, which introduced sweeping reforms in crack sentencing. Pub. L. No. 111-220, 124 Stat. 2372 (2010). As relevant here, the Act lowered the mandatory minimum from twenty years to ten for defendants like Thompson with prior felony drug convictions whose crimes involved fifty grams or more of crack. *See* 21 U.S.C. § 841(b)(1)(B)(iii).

When Thompson was sentenced, passage of the Act was seven months away. The bill was still being debated in Congress. At the sentencing hearing, Thompson's lawyer asked orally for a continuance until after the bill had become law. Tr. 1/5/10, at 3-5. The district court denied the motion. *Id.* at 7-8. According to Thompson, had his lawyer filed a written motion for a continuance prior to the hearing, and in that motion made a series of arguments crafted by Thompson's new counsel on appeal, it is likely that the district court would have waited to sentence him under the more lenient provisions of the Act. *See Dorsey v. United States*, __ U.S. __, 132 S. Ct. 2321, 2326 (2012) (holding that the Act applies in all sentencing proceedings after its passage); *see also United States v. Fields*, 699 F.3d 518, 522 (D.C. Cir. 2012) (declining to extend the Act's retroactivity to defendants sentenced prior to its enactment).

We find Thompson's claim meritless and deny it on the record before us. *See, e.g.*, *United States v. Moore*, 703 F.3d 562, 574-75 (D.C. Cir. 2012). Even assuming – for the sake of argument alone – some legally significant distinction between the oral motion made at the sentencing hearing and a written motion made in advance, such a distinction made no difference in this case. The district court denied the continuance request on its merits. Tr. 1/5/10, at 7-8. As the district court clearly explained, it was not willing to grant a continuance and stay sentencing "indefinitely" to await legislation that showed no "imminent likelihood of success." *Id.* at 7; *see also id.* at 6 ("[F]or me to wait for Congress to do something on this subject . . . it could be St. Swithen's Day. It could be a decade from now, it could be never."). That decision was well within the scope of the district court's discretion. *See Fields*, 699 F.3d at 522-23. Thompson argues that his lawyer could have allayed the district court's concerns by suggesting that the continuance extend only until after trial in the Superior Court murder case. This is a red herring. As the government points out, Thompson was convicted in that case little more than a month later – and still half a year in advance of the Act's passage. *See* Docket, *United States v. Thompson*, 2008 CF1 17330.

## III

We remand to the district court for further proceedings consistent with this opinion to determine whether Thompson was denied the effective assistance of counsel.

*So ordered.*