# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 6, 2017        Decided August 17, 2018

No. 16-3005

IN RE: SEALED CASE

Consolidated with No. 16-3024

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cr-00172-1)

Before: SRINIVASAN and WILKINS, *Circuit Judges*, and
SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* SRINIVASAN.

SRINIVASAN, *Circuit Judge*: Often, when a criminal defendant agrees to plead guilty, he also agrees to waive his right to take an appeal or seek collateral review after he is sentenced. The appeal waiver generally precludes him from bringing an appeal on any as-yet-unknown claim that might arise in his upcoming sentencing proceedings. So, for instance, if the defendant comes to believe that the trial court committed an error in determining his sentence, his appeal waiver generally would bar him from appealing on that ground.

But what if the claim the defendant wishes to raise on appeal concerns, not an alleged error committed by the trial

court at sentencing, but instead the performance of the defendant's own attorney at sentencing? Suppose the attorney's performance in the sentencing proceeding is so poor that it violates the defendant's Sixth Amendment right to counsel. Does a defendant's generic appeal waiver encompass a claim that he received ineffective assistance of counsel in connection with his sentencing?

We conclude that a generic appeal waiver does not affect a defendant's ability to appeal his sentence on yet-to-arise ineffective-assistance-of-counsel grounds. The appellant in this case executed a generic appeal waiver, with no explicit waiver of his right to appeal on ineffective-assistance-of-counsel grounds. The appeal waiver thus does not prevent him from appealing on the basis that he received ineffective assistance of counsel in his sentencing proceeding. As to the ultimate merits of appellant's ineffective-assistance claims, we cannot conclusively resolve them on the record before us. In those circumstances, we ordinarily remand the claims to the district court for further proceedings, and we do so here.

I.

Appellant pleaded guilty to one count of conspiracy to distribute five kilograms or more of cocaine on board an aircraft registered in the United States and one count of conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana. As part of the plea agreement, appellant "waive[d] any and all appeals and collateral attacks in this case and agree[d] that this case [would] become final once he ha[d] been sentenced." Plea Agreement ¶ 24.

At the sentencing hearing, the district court first sought to determine the appropriate sentencing-guidelines range. The

Presentence Report recommended a three-level increase in appellant's base offense level based on his major role in a drug trafficking conspiracy. *See* U.S.S.G. § 3B1.1(b) (2009). Appellant's counsel argued against the adjustment, contending that appellant was not a manager or supervisor of the conspiracy. The district court declined to adjust appellant's base offense level based on his role in the conspiracy. The court determined that the appropriate guidelines range was 135 to 168 months of imprisonment.

The district court then set out various considerations guiding its determination of appellant's sentence. One consideration was that the court considered appellant neither a major participant nor a minor participant in the conspiracy. The court ultimately decided to sentence appellant to 120 months of imprisonment on each of the two counts of conviction, with the sentences to run concurrently.

II.

Appellant seeks to appeal his sentence on the ground that he received ineffective assistance of counsel at sentencing in various respects. Among appellant's ineffective-assistance arguments, he contends that his counsel should have argued for a downward adjustment based on his minor role in the drug-trafficking conspiracy.

The government argues that, by executing a general appeal waiver, appellant relinquished his right to appeal his sentence on grounds of ineffective assistance of counsel. We disagree. We conclude that appellant's generic appeal waiver did not encompass a claim that his attorney provided him constitutionally ineffective assistance at sentencing. While appellant thus can raise his ineffective-assistance claims in this appeal, we cannot definitively resolve the claims on the

existing record.  We therefore remand the claims to the district court in accordance with our customary practice.

A.

We first consider the implications of appellant's generic appeal waiver for his ability to appeal on the ground that he received ineffective assistance of counsel at sentencing.  In addressing that issue, we begin with an overview of the principles governing the enforceability of appeal waivers and then apply those principles to the specific context of ineffective-assistance-of-counsel claims.

1.

In *United States v. Guillen*, this court held that a defendant can validly waive her right to appeal a sentence that has not yet been imposed, as long as her decision is "knowing, intelligent, and voluntary."  561 F.3d 527, 529-30 (D.C. Cir. 2009).  We acknowledged that such a waiver presents distinct considerations because it is an "anticipatory waiver—that is, one made before the defendant knows what the sentence will be."  *Id.* at 529.  But an "anticipatory waiver" nonetheless meets the condition that it be "a knowing waiver if the defendant is aware of and understands the risks involved in his decision."  *Id.*  Therefore, we explained, if "the record shows that the defendant knows what he is doing and his choice is made with eyes open, then the Court will enforce an anticipatory waiver" of the right to appeal a sentence.  *Id.* at 529-30 (formatting modified and citation omitted).

As a general matter, "an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver."  *United States v. Adams*, 780 F.3d 1182, 1184

(D.C. Cir. 2015) (quoting *United States v. Andis*, 333 F.3d 886, 892 (8th Cir. 2003) (en banc)). Consistent with that understanding, we have held that an appeal waiver barred a defendant from appealing her sentence on the grounds that the district court: imposed a substantively unreasonable sentence, *id.* at 1183; erred in declining to permit the defendant to introduce certain evidence at sentencing or in limiting cross-examination of the government's sentencing witnesses, *id.* at 1183-84; or abused its discretion in denying a downward variance from the sentencing guidelines range, *United States v. Ortega-Hernandez*, 804 F.3d 447, 451 (D.C. Cir. 2015).

Enforcing an appeal waiver in such circumstances "serves the important function of resolving a criminal case swiftly and finally." *United States v. Hunt*, 843 F.3d 1022, 1027 (D.C. Cir. 2016). And allowing a defendant to waive his right to appeal his yet-to-be-imposed sentence also "improves the defendant's bargaining position and increases the probability he will reach a satisfactory plea agreement with the Government." *Guillen*, 561 F.3d at 530.

But while an appeal waiver is generally enforceable if the defendant has the requisite awareness and understanding of "the risks involved in his decision," *id.* at 529, a generic appeal waiver does not establish a defendant's acceptance of every "defect or error that may be thrust upon him by either an ineffective attorney or an errant sentencing court," *id.* at 530. "Most obvious," we have explained, "a waiver should not be enforced insofar as the defendant makes a colorable claim he received ineffective assistance of counsel in agreeing to the waiver" in the first place. *Id.* If the claim has merit, the defendant would not have "understood the consequences of his waiver." *Id.* "Nor should a waiver be enforced if the sentencing court's failure in some material way to follow a prescribed sentencing procedure results in a miscarriage of

justice." *Id.* at 531. That would be the case if, for example, the sentence "is unlawful because it exceeds the statutory maximum" or because it is "colorably alleged to rest upon a constitutionally impermissible factor, such as the defendant's race or religion." *Id.*

In addition, "we will not bar the door to a criminal defendant's appeal if his waiver only arguably or ambiguously forecloses his claims." *Hunt*, 843 F.3d at 1027. Applying that understanding, we declined to construe a defendant's general waiver of the right to appeal a sentence to preclude him from appealing on a claim that the district court erred in imposing a particular condition of supervised release—viz., a condition that he stay away from a housing project where he had distributed drugs. *Id.* at 1027-29. While the defendant had agreed "to waive the right to appeal the sentence in [the] case, including any . . . term of supervised release," *id.* at 1027, the reference to a "term" of supervised release, we reasoned, was sufficiently ambiguous that he "did not necessarily give up the right to appeal a *condition* of such release," *id.* at 1028.

The upshot of our decisions is that a general appeal waiver will be understood to preclude appealing a sentence on a host of grounds. But a generic waiver of appeal rights will not bar *every* appeal concerning a defendant's sentence. The central question in that regard is whether the defendant is "aware of and understands the risks involved in his decision," *Guillen*, 561 F.3d at 529, with any ambiguity about the scope of his waiver construed in his favor, *Hunt*, 843 F.3d at 1027.

2.

Appellant generally "waive[d] any and all appeals and collateral attacks in this case and agree[d] that this case [would] become final once he ha[d] been sentenced." Plea Agreement

¶ 24. He received no specific information about whether that waiver pertains to claims of ineffective assistance of counsel.

The plea agreement itself does not expressly address the issue. Nor did the district court do so in its plea colloquy with appellant. The district judge asked if appellant understood that he was "giving up certain of [his] rights to challenge the sentence," and then quoted the language of the appeal waiver. Plea Tr. 23. The judge (understandably) did not advise appellant that, by generically giving up his right to appeal, he was forgoing any appeal on the ground that his attorney later performed so poorly at sentencing that he "was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As for whether appellant's counsel shed any light on the matter, appellant contends that his attorney did not advise him that the appeal waiver encompassed ineffective-assistance-of-counsel claims.

The question, then, is whether the generic language of the appeal waiver, standing alone, gave appellant the requisite awareness and understanding of "the risks involved," *Guillen*, 561 F.3d at 529 —i.e., that if he were to receive constitutionally ineffective assistance of counsel at sentencing, he would be unable to appeal or seek collateral review on that ground. The government submits that *Guillen* itself settles that a generic waiver encompasses claims of ineffective assistance of counsel at sentencing. The government points to our observation that a waiver will not preclude a "colorable claim" that the defendant "received ineffective assistance of counsel in agreeing to the waiver." *Guillen*, 561 F.3d at 530. But that statement, contrary to the government's assumption, did not suggest that the waiver reaches all ineffective-assistance claims beyond those concerning the waiver itself. Rather, we merely "mention[ed] *some* circumstances" in which there would be no waiver,

identifying the referenced one as the "[m]ost obvious" example. *Id.* (emphasis added). We did not speak to the status of other types of ineffective-assistance claims under a generic appeal waiver, including claims of ineffective assistance at sentencing.

Addressing the matter here, we note at the outset that our general duty to construe ambiguities in an appeal waiver in the defendant's favor is especially salient in the context of claims alleging ineffective assistance of counsel. Because "[t]he right to the effective assistance of counsel at trial is a bedrock principle in our justice system," a person's "inability to present a claim of trial error is of particular concern when the claim is one of ineffective assistance of counsel." *Martinez v. Ryan*, 566 U.S. 1, 12 (2012); *see also United States v. Taylor*, 139 F.3d 924, 931 (D.C. Cir. 1998) ("The court . . . must 'indulge every reasonable presumption against the waiver of the unimpaired assistance of counsel.'" (quoting *Campbell v. United States*, 352 F.2d 359, 361 (D.C. Cir. 1965))). That understanding about "the effective assistance of counsel at trial" is equally true about ineffective assistance at sentencing.

We cannot conclude that a defendant who executes a generic appeal waiver "is aware of and understands the risk[]" that, by doing so, she waives any ability to appeal if her counsel later provides constitutionally ineffective assistance at sentencing. *Guillen*, 561 F.3d at 529. The key to understanding why lies in recognizing that (i) the defendant retains her Sixth Amendment right to counsel in the upcoming sentencing proceeding, and (ii) unlike other rights, her right to counsel can practically be vindicated only through an appeal or collateral proceeding.

First, a defendant who generically waives a right to appeal of course retains a Sixth Amendment right to counsel at

sentencing. The government has not suggested that appellant in this case, or defendants in appellant's circumstances generally, somehow give up the right to counsel by generically waiving the right to appeal. And a defendant's right to counsel's assistance at sentencing necessarily means the right to *effective* counsel. After all, ineffective counsel is no counsel at all, as far as the Sixth Amendment is concerned. *See Strickland*, 466 U.S. at 687.

Second, a defendant can practically vindicate the right to the effective assistance of counsel at sentencing only through an appeal or collateral proceeding. Ineffective-assistance claims differ from other sorts of claims in that respect. With other claims that may arise at sentencing, the defendant's counsel can often present the issue in the sentencing court itself. The defendant thus would retain some ability to air the issue even if she waives her ability to take an appeal or seek collateral review.

That is not the case with an ineffective-assistance claim that arises at sentencing. Counsel cannot be expected to raise such an ineffective-assistance claim in the sentencing court itself: an attorney, to say the least, will be "unlikely to raise an ineffective-assistance claim against himself." *Massaro v. United States*, 538 U.S. 500, 502-03 (2003).

Nor is the defendant herself well positioned to identify her counsel's deficient performance and bring it to the sentencing court's attention. We have recognized that counsel fulfills an essential function at sentencing by navigating the sentencing guidelines and presenting the various considerations that may drive the court's sentencing determination. *See United States v. Soto*, 132 F.3d 56, 59 (D.C. Cir. 1997). Any expectation that a defendant would understand and identify her counsel's inadequacies would be tantamount to assigning her principal

responsibility to carry out the representation herself, in the face of "the dangers and disadvantages of self-representation." *Faretta v. California*, 422 U.S. 806, 835 (1975).

Additionally, "[i]neffective assistance claims often depend on evidence outside the trial record." *Martinez*, 566 U.S. at 13. Claims of ineffective assistance thus frequently require the development of a record on collateral review (or on remand from an appeal). Those considerations underlay the Supreme Court's decision in *Massaro v. United States*. 538 U.S. 500. There, the Court held that ineffective-assistance claims may be brought for the first time on collateral review. It grounded that conclusion in its recognition that the trial "record in many cases will not disclose the facts necessary to decide either prong of the *Strickland* analysis" governing ineffective-assistance claims. *Id.* at 505. That is all the more reason defendants cannot be expected to catch such claims and bring them initially in the district court.

For those reasons, the ability to bring an ineffective-assistance claim on collateral review or on appeal (with the possibility of a remand for factual development) is essential to vindicating a defendant's right to counsel at sentencing. It follows that a waiver of the right to appeal and collateral review, if construed to encompass ineffective-assistance-of-counsel claims, acts essentially as a waiver of the right to counsel at sentencing.

In that light, the question is whether a defendant who retains a right to counsel at sentencing would nevertheless understand that, by generically waiving her right to appeal, she would essentially give up her ability to preserve her right to counsel. We do not think so. Indeed, the defendant might agree to an appeal waiver in significant measure precisely because of her right to counsel's assistance at sentencing: even

if she relinquishes her ability to raise a sentencing error on appeal, she at least will have her attorney's assistance in identifying any sentencing error to the sentencing court itself, in the hope that the sentencing court will correct the error and obviate any need for an appeal. The government's own attorney appeared to assume as much in appellant's sentencing hearing, stating: "the defendant agreed to waive his right to appeal, I think except for ineffective assistance of counsel." Sentencing Tr. 34-35.

In short, construing a generic appeal waiver to extend to ineffective-assistance-of-counsel claims would be inconsistent with our understanding that a defendant must be "aware of and understand[] the risks involved in his decision." *Guillen*, 561 F.3d at 529. A contrary conclusion would mean that the defendant retained her right to counsel at sentencing while nonetheless giving up her ability to preserve that right. We do not believe that a generic appeal waiver brings about that result, much less that it unambiguously does so. *See Hunt*, 843 F.3d at 1027.

We note a final consideration pointing in the same direction. If a generic appeal waiver *did* encompass a claim of ineffective assistance of counsel at sentencing, the waiver then would give rise to a conflict of interest for counsel: an attorney generally cannot advise a client about whether to waive a pending claim against the attorney herself, *see* John Wesley Hall, Jr., Professional Responsibility in Criminal Defense Practice § 10:27 (3d ed. 2017), and the same is necessarily true of advice about whether to waive a future claim against the attorney. A number of state bar associations thus have determined that agreements to waive claims against an attorney violate state ethics rules as conflicts of interest. *Id.* What is more, if counsel operates under a conflict of interest when giving advice about an appeal waiver, the waiver would be

unenforceable "insofar as" there is then "a colorable claim" that the defendant "received ineffective assistance of counsel in agreeing to the waiver." *Guillen*, 561 F.3d at 530. The better resolution, and the one we adopt here, is to conclude that a generic appeal waiver does not reach claims of ineffective assistance of counsel at sentencing.

We recognize that other courts of appeals have determined otherwise. Several of our sister circuits have held that a general waiver of appeal rights bars a defendant from appealing on the ground that counsel provided ineffective assistance at sentencing. *See Williams v. United States*, 396 F.3d 1340, 1341-42 (11th Cir. 2005); *United States v. White*, 307 F.3d 336, 338, 343-44 (5th Cir. 2002); *United States v. Cockerham*, 237 F.3d 1179, 1180, 1185-86 (10th Cir. 2001). *But see United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). But for the reasons set out in this opinion, we respectfully reach a different conclusion, guided by our own court's precedents governing the enforceability of appeals waivers. *See Guillen*, 561 F.3d at 529-31; *Hunt*, 843 F.3d at 1026-29.

It bears noting, finally, that the views of those courts (and ours) might be of limited practical significance on a prospective basis. After the plea agreement in this case was executed, the Department of Justice issued a memorandum to all federal prosecutors directing that they "no longer seek in plea agreements to have a defendant waive claims of ineffective assistance of counsel whether those claims are made on collateral attack or, when permitted by circuit law, made on direct appeal." U.S. Dep't of Justice, Department Policy on Waivers of Claims of Ineffective Assistance of Counsel (Oct. 14, 2014). Although the government conceivably could rescind that directive at some point, as things now stand, the question of whether an appeal waiver reaches ineffective-assistance claims is unlikely to arise in future cases.

13

B.

Because the appeal waiver does not preclude appellant from appealing on the ground that he received ineffective assistance of counsel at sentencing, we turn to the merits of his ineffective-assistance claims. When a defendant asserts a colorable ineffective-assistance claim on appeal, this court's practice is to remand to the district court "unless the record alone conclusively shows that the defendant either is or is not entitled to relief." *United States v. Bell*, 708 F.3d 223, 225 (D.C. Cir. 2013) (internal quotation marks omitted).

To raise a colorable claim for ineffective assistance of counsel, a defendant must allege sufficient facts to "show two things: (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense." *United States v. Anderson*, 632 F.3d 1264, 1268 (D.C. Cir. 2011) (internal quotation marks omitted); *see also Strickland*, 466 U.S. at 687. Appellant raises at least one colorable claim that he received ineffective assistance of counsel at sentencing in violation of his Sixth Amendment rights. In particular, appellant plausibly alleges that his counsel failed to argue for a downward adjustment to his sentence based on his minor role in the offense, that a constitutionally effective attorney would have made that argument, and that counsel's failure to do so prejudiced appellant.

Section 3B1.2 of the Sentencing Guidelines allows for a two-level reduction in offense level if the defendant "was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b). That adjustment applies to defendants who were "substantially less culpable than the average participant." *Id.* cmt. 3(A). Whether the adjustment applies is a fact-specific determination. *Id.* cmt. 3(C).

Appellant's attorney made no argument in his sentencing memoranda or in the sentencing hearing that appellant should receive a downward adjustment under section 3B1.2(b) for minor role. That adjustment arguably applied to appellant's circumstances. Counsel's failure to "specifically request" a potentially applicable downward adjustment might have amounted to deficient performance. *See Soto*, 132 F.3d at 58-59. And if the district court had decided to apply a minor-role adjustment, appellant's offense level would have been reduced by at least two levels under section 3B1.2 of the Sentencing Guidelines and up to four additional levels under a relevant corresponding guideline provision, section 2D1.1(a)(5). Together, the application of those provisions would have lowered appellant's guidelines range from 135-168 months of imprisonment to 70-87 months. U.S.S.G. § 5A. The possibility that appellant would have received a lower sentence is sufficient evidence of prejudice to warrant a remand. *See United States v. Rashad*, 331 F.3d 908, 911-12 (D.C. Cir. 2003).

The government's responses do not persuade us otherwise. The government argues that appellant's attorney did in fact argue for a minor role adjustment when objecting to the presentence report. But those brief objections had been offered by appellant's previous attorney over a year before sentencing; they were not reiterated by appellant's new counsel during the sentencing proceedings. The government additionally argues that any deficiency in counsel's performance did not prejudice appellant because the district court affirmatively rejected the minor role adjustment during the sentencing hearing. But while the court, at various points in the sentencing hearing, offered its view that the minor role adjustment did not apply, the court did so without having been presented with any argument on the matter from appellant's counsel in his sentencing memoranda or during the hearing. It is possible

that, had the court heard an argument specifically raising the applicable guidelines provision, explaining the factors that go into the determination, and showing that the facts of this case fit those factors, the court would have made a different choice. That kind of fact-specific prejudice inquiry is best conducted by the district court on remand. *See Bell*, 708 F.3d at 225.

Because appellant raises at least one colorable claim of ineffective assistance of counsel that cannot be conclusively accepted or rejected on the record before us in this appeal, we remand the matter to the district court. On remand, the court can fully consider the claim along with the other ineffective-assistance claims raised by appellant.

\* \* \* \* \*

For the foregoing reasons, we remand the case to the district court for further proceedings.

*So ordered.*