# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 19-3080**

**September Term, 2021**

FILED ON: October 15, 2021

UNITED STATES OF AMERICA,
>> APPELLEE

v.

JOHNNY COREY LAINEZ,
>> APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cr-00212-1)

Before: TATEL, MILLETT, and WALKER, *Circuit Judges*.

## <u>J U D G M E N T</u>

We heard this appeal on the record from the United States District Court for the District of Columbia and the parties' briefs and arguments. We fully considered the issues and determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d).

We **DISMISS** Lainez's appeal.

\* \* \*

In 2019, Johnny Lainez arranged to buy oral sex from an undercover officer he believed to be a 12-year-old girl. He was arrested and charged with multiple sex crimes. Later that year, in exchange for concessions by the government, Lainez agreed to plead guilty to Sex Trafficking of a Minor, 18 U.S.C. §§ 1591 (a)(1), (b)(1).

Lainez's plea agreement included an appeal waiver. Through it, he waived "the right to appeal the sentence in this case, including but not limited to any term of imprisonment . . . and the manner in which the sentence was determined, except to the extent the Court sentences [Lainez] above the statutory maximum or guidelines range determined by the Court." S.A. 8. In addition, Lainez retained "the right to appeal on the basis of ineffective assistance of counsel." *Id.*

At Lainez's sentencing hearing, the District Court sentenced him to 19 years and 7 months

in prison. That sentence is less than the statutory maximum (life) and within the Guidelines range determined by the District Court (19 years and 7 months, to 24 years and 5 months).

On appeal, Lainez argues that the District Court made three Guidelines-calculation errors, and that those errors make his sentence unreasonable. But Lainez waived his right to appeal on those grounds. Therefore we will not consider those arguments if Lainez's appeal waiver was valid. *United States v. Guillen*, 561 F.3d 527, 529 (D.C. Cir. 2009).

\* \* \*

We review the validity of Lainez's appeal waiver de novo. *United States v. Hunt*, 843 F.3d 1022, 1027 (D.C. Cir. 2016).

"A defendant can validly waive her right to appeal a sentence that has not yet been imposed, as long as her decision is knowing, intelligent, and voluntary." *In re Sealed Case*, 901 F.3d 397, 400 (D.C. Cir. 2018) (cleaned up). Although "[a] written plea agreement in which the defendant waives the right to appeal is strong evidence," we also "examine, among other things, the clarity of the written plea agreement, the defendant's signature on the agreement, defense counsel's signature on the agreement, the defendant's statements at the plea hearing, defense counsel's statements at the plea hearing, and the judge's questioning and statements at the plea hearing." *United States v. Lee*, 888 F.3d 503, 507 (D.C. Cir. 2018).

The record shows that Lainez's appeal waiver was knowing, intelligent, and voluntary. First, the terms of the appeal waiver are clear: Lainez waived "the right to appeal the sentence in this case, including but not limited to any term of imprisonment." S.A. 8. Second, Lainez signed the plea agreement acknowledging that he "read every page of" it and that he "fully underst[ood]" it. *Id.* 12. Third, Lainez's attorney signed on the same page, acknowledging that he too had "read every page" and that the "pages accurately and completely set forth the entire Agreement." *Id.* Fourth and finally, at the plea hearing, the Court placed Lainez under oath; determined he was competent to enter a guilty plea; discussed the terms of the plea agreement, including that Lainez was waiving his "right to appeal the sentence in this case, except to the extent [the Court] sentence[d Lainez] above the statutory maximum or guideline range determined by the Court" (A. 19); confirmed Lainez's signature and acknowledgments on the plea agreement; and determined that Lainez's decision to accept the plea agreement and plead guilty was voluntary.

To be sure, we will not enforce a valid appeal waiver "if the defendant makes a colorable claim he received ineffective assistance of counsel in agreeing to the waiver or if the sentencing court's failure in some material way to follow a prescribed sentencing procedure results in a miscarriage of justice." *United States v. Adams*, 780 F.3d 1182, 1183 (D.C. Cir. 2015) (cleaned up). But Lainez makes no such claims.

We therefore dismiss Lainez's appeal.

2

*　　*　　*

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold this mandate until seven days after resolution of a timely petition for panel or en banc rehearing. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Scott H. Atchue
Deputy Clerk