**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10984
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

BEATRIZ TOLEDO,
a.k.a. Betty Toledo,
a.k.a. Beatriz Sardinas,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cr-20147-DSL-1
_____

Before ROSENBAUM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Beatriz Toledo appeals her convictions and 57 months' sentence for three counts of aiding and assisting in the preparation of false tax returns.  On appeal, she argues that her sentence is procedurally and substantively unreasonable and that she received ineffective assistance of counsel before the district court.  The government has moved to dismiss Toledo's appeal based on the sentence-appeal waiver in the parties' plea agreement.  For the reasons that follow, we grant the government's motion and dismiss Toledo's sentencing challenges.  In addition, we affirm Toledo's convictions without prejudice.  Toledo can raise her claim that she received ineffective assistance regarding her guilty plea in a future 28 U.S.C. § 2255 proceeding if she so chooses.

We review the validity and scope of an appeal waiver *de novo*.  *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022).  Sentence appeal waivers are enforceable if they are made knowingly and voluntarily.  *Id*. at 1367.  To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [guilty plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993); *see also United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (noting that the "touchstone for assessing" if a sentence appeal waiver was made knowingly and voluntarily "is whether 'it was clearly conveyed to the defendant that he was giving up his right to appeal under *most* circumstances'" (alterations adopted) (emphasis in original) (quoting *Bushert*, 997 F.2d at 1352–

53)).  "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006).  "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

Here, Toledo was charged with fifteen counts of aiding and assisting in the preparation of false tax returns, 26 U.S.C. § 7206(2), and one count of contempt of court, 18 U.S.C. § 401(3).  She agreed to plead guilty to three of the 26 U.S.C. § 7206(2) charges pursuant to a written plea agreement.  The government, in turn, agreed to dismiss the remaining charges.  Relevant here, the plea agreement also contained a sentence appeal waiver, which reads as follows:

> [Toledo] is aware that [28 U.S.C. §] 1291 and [18 U.S.C. §] 3742 afford [her] the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by [these statutes] to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or upward variance from the advisory guideline range that the [district c]ourt establishes at sentencing.  [Toledo] further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in

[18 U.S.C. §] 3742(b) and [28 U.S.C. §] 1291. However, if the United States appeals the defendant's sentence pursuant to [these statutes], the defendant shall be released from the above waiver of her right to appeal her sentence.

[Toledo] further hereby waives all rights conferred by [28 U.S.C. §] 1291 to assert any claim that (1) the statute(s) to which [she] is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

By signing this agreement, [Toledo] acknowledges that [she] has discussed the appeal waiver set forth in this agreement with [her] attorney. [She] further agrees, together with this Office, to request that the [district c]ourt enter a specific finding that the defendant's waiver of her right to appeal the sentence imposed in this case and her right to appeal her conviction in the matter described above was knowing and voluntary.

Toledo and her counsel signed the plea agreement's final page immediately below a provision stating that this agreement was the entire agreement between the government and her, and that there were no other agreements, promises, representations, or understandings.

The district court held a change-of-plea hearing, in which the court confirmed that Toledo did not require an interpreter and then placed her under oath. The court instructed her that any false

statements could lead to a perjury prosecution, and she stated that she understood. It also ensured that she was sober and thinking clearly.

As part of the court's Rule 11 plea colloquy, the district court reviewed the appeal waiver with the parties, explaining that, if Toledo proceeded to trial rather than entering a guilty plea, she could appeal her convictions if a jury found her guilty. *See* FED. R. CRIM. P. 11. It further noted that, by pleading guilty, under the terms of the agreement, she was agreeing that she could not appeal her sentence "except for some very, very narrow exceptions." It then correctly stated that the only three exceptions to Toledo's appeal waiver were if: (1) the government appealed her sentence, (2) her sentence exceeded the offense's maximum penalties, which the prosecutor had already listed on the record, or (3) the court imposed a sentence greater than the advisory guideline range. It asked if Toledo understood the appeal waiver and had discussed it with her attorney, and she responded yes. It asked both parties if it had accurately summarized the appeal waiver, and they responded yes.

"There is a strong presumption that the statements" Toledo "made during" her guilty plea "colloquy [we]re true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Given the district court's thorough explanation of the appeal waiver provision and its detailed recitation of the waiver's listed exceptions, we are satisfied that "the district court specifically questioned [Toledo] concerning the sentence appeal waiver," *Bushert*, 997 F.2d at 1351, and that "it

6                 Opinion of the Court                25-10984

was clearly conveyed to [her] that [s]he was giving up h[er] right to appeal under *most* circumstances," *Boyd*, 975 F.3d at 1192 (alterations adopted) (quoting *Bushert*, 997 F.2d at 1352–53).  The district court also ensured that both parties agreed to its description of the waiver and explained its conclusion, on the record, that Toledo was waiving her right to appeal and had done so knowingly and voluntarily.  Under these circumstances, we will apply the waiver according to its terms.  *Bascomb*, 451 F.3d at 1294.[1]

Toledo argues that her ineffective assistance claim should not be dismissed because it goes to the voluntariness of her guilty plea altogether.  We agree with her in some respect.  Our precedent treats sentencing waivers and conviction waivers differently, *see Bushert*, 997 F.2d at 1352–53, such that a defendant's claim that their guilty plea was not knowing and voluntary—for instance because of ineffective assistance of counsel—will often not be barred by a sentencing appeal waiver.  However, we need not delineate

---

[1] We have recognized that, in certain circumstances, we might not apply an otherwise valid appeal waiver.  "The most obvious [circumstance] is a jurisdictional defect; an appeal waiver cannot confer jurisdiction on a court where none exists." *King*, 41 F.4th at 1367.  In addition, "[w]e will review a sentence 'based on a constitutionally impermissible factor such as race.'" *Id.* (quoting *Bushert*, 997 F.2d at 1350 n.18).  We have also "suggested that perhaps 'extreme circumstances'—like a 'public flogging' sentence—might justify overlooking an appeal waiver as well." *Id.* (quoting *United States v. Howle*, 166 F.3d 1166, 1169 n.5 (11th Cir. 1999)).  Finally, even if a defendant enters a plea agreement, we will review "a sentence imposed in excess of the maximum penalty provided by statute." *Id.* (quoting *Bushert*, 997 F.2d at 1350 n.18).  None of these circumstances are present here.

the contours of that issue here because the government has not moved to dismiss Toledo's ineffectiveness claim on the basis of her plea waiver.[2]  It has only moved to dismiss the sentencing challenges.  It is clear from the plain text of the plea agreement—and the colloquy above—that Toledo's sentencing challenges are barred by the appeal waiver.  *See United States v. Hardman*, 778 F.3d 896, 900 (11th Cir. 2014) ("The language of a plea agreement should be given its ordinary and natural meaning unless the parties indicate otherwise.").

Toledo's sentencing challenges—to the substantive reasonableness of her sentence and the district court's application of a sophisticated-means enhancement at sentencing—also do not fall into the waiver's exceptions.  Toledo was sentenced within her advisory guideline range; the sentence she received did not exceed

---

[2] Some circuits have held that ineffective assistance of counsel claims cannot be waived in an appeal waiver.  *See In re Sealed Case*, 901 F.3d 397, 404 (D.C. Cir. 2018) (collecting cases and agreeing with this rule).  We have held that they can be, in some circumstances.  *Williams v. United States*, 396 F.3d 1340, 1341–42 (11th Cir. 2005).  This split of authority is of no moment here because: (1) the plea agreement only mentions Toledo's waiver of her right to appeal her "sentence"; and (2) the government only moves to dismiss Toledo's sentencing challenges based on the waiver in any event.  *Cf. United States v. Lopez,* 562 F.3d 1309, 1313 (11th Cir. 2009) (explaining that we will not enforce nonjurisdictional claim processing rules, like the time requirements of Fed. R. App. P. 4(b), when a party does not argue that we should); *see also United States v. McCarthren*, 707 F. App'x 951, 952 (11th Cir. 2017) (unpublished) (explaining that appeal waivers are not jurisdictional and can be waived); *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) (same).

the maximum penalties for her offense; and the government did not appeal.  Accordingly, we dismiss her sentencing claims.

Having dismissed Toledo's sentencing challenges, only her ineffective assistance claim remains.  The government argues we should dismiss this claim as well, because the record is not sufficiently developed.  We agree that this claim is not sufficiently developed, so we affirm Toledo's convictions "without prejudice to the right of [Toledo] to raise the issue of ineffective assistance of counsel in a proper proceeding pursuant to 28 U.S.C. § 2255." *United States v. Rodriguez*, 582 F.2d 1015, 1016 (5th Cir. 1978).[3]

We have explained that the "preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion 'even if the record contains some indication of deficiencies in counsel's performance.'"  *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003)).  For that reason, claims of ineffective assistance of counsel are almost always raised in collateral attacks on the criminal proceeding.  *See Massaro*, 538 U.S. at 504 (holding that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal").  "When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed

---

[3] All Fifth Circuit decisions issued by the close of business on September 30, 1981, are binding precedent in this Court.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Id.* at 504–05. Accordingly, we will only review a claim of ineffective assistance of counsel "in the rare instance when the record is sufficiently developed" for us to do so. *United States v. Verbitskaya*, 406 F.3d 1324, 1337 (11th Cir. 2005), *abrogated in part on other grounds by United States v. Durham*, 795 F.3d 1329, 1330–31 (11th Cir. 2015) (*en banc*); *see also United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008) (similar).

Here, as the government argues, Toledo's ineffective assistance claim is insufficiently developed for our review at this time. Toledo did not raise any claim about her attorney's performance before the district court, so it had no need or reason to develop a factual record on it. Moreover, there are no indicators of deficiency or prejudice obvious on the face of the record that suggest this is a "rare instance" where we can assess counsel's performance in the first instance ourselves. *Verbitskaya*, 795 F.3d at 1330–31. A full record will allow the district court—and us, if an appeal is taken—to determine whether counsel's acts were so deficient such that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment, and whether Toledo was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 685–86 (1984). We accordingly affirm Toledo's "convictions without prejudice to h[er] right to raise the issue of ineffective assistance of counsel in a proper proceeding pursuant to 28 U.S.C. § 2255." *United States v. Ungar*, 794 F.2d 640, 641 (11th Cir. 1986); *see also Rodriguez*, 582 F.2d at 1016; *Verbitskaya*, 406 F.3d at 1337; *Merrill*, 513 F.3d at 1308.

In sum, we dismiss Toledo's sentencing challenges because they are barred by her knowing and voluntary waiver.  We affirm Toledo's convictions without reaching her guilt-stage ineffective assistance of counsel claim because the record is insufficiently developed for us to assess that claim.

**DISMISSED IN PART, AFFIRMED.**